UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRAZ, LLC, BING CHARLES KEARNEY,
JR., and TRACY J. HARRIS, JR.,

    Plaintiffs,

v.                                                                                    CASE NO.: 8:15-cv-1181-T-17MAP
                                                                          Consolidated with
                                                                          8:15-cv-01042-EAK-AEP

BRANCH BANKING AND TRUST
COMPANY, as successor-in-interest to
COLONIAL BANK by asset acquisition
from the FDIC as receiver for COLONIAL
BANK,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR REMAND AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

This matter comes before the Court pursuant to Plaintiffs', BING CHARLES KEARNEY, JR., and TRACY J. HARRIS, JR., Motion for Remand and Motion for Award of Attorneys' Fees and Costs and Supporting Memorandum of Law (Doc. # 12), filed June 15, 2015, and the Defendant's response (Doc. # 13). For the reasons below, Plaintiffs' motion is **DENIED WITH PREJUDICE**.

### BACKGROUND

Plaintiffs, Bing Charles Kearney, JR., and Tracy J. Harris, Jr. ("Plaintiffs"), filed a two-count Complaint against Defendant Branching Banking and Trust Company ("Defendant"), for declaratory relief and to recover damages in the Thirteenth Judicial Circuit, in and for, Hillsborough County, Florida on May 14, 2015. (Doc. # 2). Plaintiffs sought to sell the mini-storage and flex space warehouse facility ("Mini-Storage Facility"), which is the collateral for

1

the underlying loan, to pay off and satisfy Plaintiffs' underlying loan obligation to Defendant ("Obligation"). (Doc. # 2). On or about December 23, 2014, Defendant provided Plaintiffs an Estoppel Letter confirming the pay-off balance of the loan obligation in issue. (Doc. # 2). The Complaint seeks declaratory relief related to the Obligation and damages for tortious interference with an advantageous business or contract relationship; Plaintiffs seek declaratory relief that certain amounts, including interests and attorneys' fees, relating to the Obligation are not owed by the Plaintiffs to the Defendant. (Docs. ## 2, 13). Plaintiffs allege Defendant improperly "included in its Estoppel Letter, and demanded from the Plaintiffs, the payment of $1,136,998.72" and "$654,454.94 for legal fees and costs." (Doc. # 2). Plaintiffs allege Defendant acted "intentionally and unjustifiably." (Doc. # 2).

On May 15, 2015, Defendant filed a Notice of Removal to remove this action to federal court on the basis of diversity jurisdiction. (Doc. # 1). On June 15, 2015, Plaintiffs filed the Motion for Remand. (Doc. # 12).

## LEGAL STANDARD

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). For the Court to have original jurisdiction over this claim, there must be complete diversity between the parties and an amount in controversy exceeding $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a). Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for les than the jurisdictional amount. *Gilbert v. State Farm Mutual Auto Insurance Co.*, 2015 WL 1477907 (M.D. Fla. 2015) (citing *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2013)). Where a plaintiff has not pled a specific amount of

damages, the removing party bears the burden of establishing that the amount in controversy exceeds the jurisdictional amount, by a preponderance of the evidence. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; but these deductions and extrapolations are not without bounds. *Gilbert*, 2015 WL 1477907 *2 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010)). Ultimately, it is when the specific factual allegations "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" support the issue. *Pretka*, 608 F.3d 744 at 754. Deductions combined with factual allegations supported by evidence do not amount to speculations. *Id*. Further, courts may use judicial "experience and common sense in determining" the amount in controversy. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). However, because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Total Fleet Solutions, Inc. v. National Crime Insurance Bureau*, 612 F. Supp. 2d. 1232, 1234 (M.D. Fla. 2009). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## **LEGAL ANALYSIS**

Plaintiffs do not dispute diversity of the parties; Plaintiffs argue the claims in the Removed Complaint do not satisfy the requisite amount in controversy. (Doc. # 12). "[T]he value of the declaratory relief is the amount the plaintiff would recover or avoid losing if the declaratory relief was granted." *Phillips Excavating & Construction, Inc. v. Mount Vernon Fire*

*Insurance Co.*, No. 808CV00746-T-17EAJ, 2008 WL 2856579, at *3 (M.D. Fla. July 22, 2008) (citing *Cohen v. Office Depot*, 204 F.3d 1069, 1077 (11th Cir.2000)); *see also Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1997) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). Plaintiffs seek declaratory relief to determine the following:

> A. If [Defendant] has properly and permissively included the payment of $1,136,998.72 in accrued interest in its Estoppel Letter as an amount due on the underlying loan obligation as set forth in the Final Judgment?
> B. If [Defendant] has properly and permissively included the payment of $654,454.94 in attorneys' fees in its Estoppel Letter as an amount due on the underlying loan obligation as set forth in the Final Judgment?
> C. [If] Plaintiffs are entitled to receive an Estoppel Letter from [Defendant] without the inclusion of the attorneys' fees and interest as set forth above.

(Doc. # 2). Plaintiffs argue the amount in the Declaratory Judgment is not relevant when determining the amount in controversy because "[i]t is the issue of <u>entitlement</u> to interest and attorneys' fees that is at issue in the Complaint, <u>not the amount</u>." (Doc. # 12). Plaintiffs also argue *Phillips* does not apply because "the Court specifically found from the face of the Phillips' complaint that potential damages in the amount of $87,221.00 were alleged." (Doc. # 12). Plaintiffs' argument is misplaced. The plaintiff in *Phillips* sought a "declaratory judgment from the court that it is *entitled* to the benefits under the contract." *Phillips*, 2008 WL 2856579, at *4 (emphasis added). Similar to the issue at hand, the *Phillips* Complaint did not ask for a "specific amount of monetary damages" respecting the declaratory judgment—the Court had to calculate the amount in controversy as the "value of the right to be protected." *Id*. The Court reasoned the value of the right to be protected—declaratory relief for the *entitlement* to insurance

4

benefits—was up to $40,000, and therefore exceeded the amount in controversy requirement when combined with the other claim. As Defendant correctly points out, "[Plaintiffs] are seeking relief that, if granted, would act as <u>res judicata</u> and preclude the Bank from claiming accrued interest and attorneys' fees . . . and the [Plaintiffs] would avoid losing over $1,700,000.00." (Doc. # 13). This Court finds Defendant has met its evidentiary burden.

Defendant's Notice of Removal establishes that the amount in controversy exceeds the $75,000.00 jurisdictional requirement. Therefore, this Court has subject matter jurisdiction and denies Plaintiffs' Motion to Remand this case to the State Court of the Thirteenth Judicial Circuit, in and for, Hillsborough County, Florida. The Mo Accordingly, it is tion for Award of Attorneys' Fees and Costs is moot because the Motion for Remand is denied.

**ORDERED** that the Plaintiffs' Motion for Remand and including motion for attorney's fees are **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 31st day of July, 2015.



Copies to:    All Counsel and Parties of Record