# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KRAZ, LLC, a Florida limited liability
company, BING CHARLES KEARNEY,
JR., and TRACY J. HARRIS, JR.,

      Plaintiffs,

v.

    Case No.: 8:15-cv-1181-EAK-AEP

BRANCH BANKING AND TRUST
COMPANY, as successor-in-interest to
COLONIAL BANK by asset acquisition
from the FDIC as receiver for
COLONIAL BANK,

      Defendants.

## ORDER

On April 30, 2015, Defendant Branch Banking and Trust Company ("**BB&T**")

filed a complaint in this Court against Plaintiffs Kraz, LLC, Bing Charles Kearney,

Jr., and Tracy J. Harris, Jr. (collectively, "**Plaintiffs**"). The case was assigned to the

undersigned and given Case No. 8:15-cv-1042-EAK-AEP (the "**BB&T Action**").

Subsequently, on May 14, 2015, Plaintiffs instituted the instant, related action against

BB&T in state court. BB&T removed the action to this Court on May 15, 2015. The

action was assigned to United States District Judge Richard A. Lazzara and given

Case No. 8:15-cv-1181-EAK-MAP[1].

---

[1] As reflected in the current case caption, the action was later reassigned to United States Magistrate
Judge Anthony E. Porcelli.

Because the instant action was related to the earlier-filed BB&T Action then pending before the undersigned, on May 19, 2015, Judge Lazzara transferred the instant action to the undersigned, with her consent, and the action was consolidated with the BB&T Action.

On July 7, 2015, Kraz, LLC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (Case No. 8:15-bk-7039-MGW). On August 18, 2015, the Court entered an order, in both the instant action and the BB&T Action, directing the administrative closure of the consolidated actions pending the proceedings before the Bankruptcy Court. The Court (i) instructed that either party may move to reopen the consolidated actions at any time by submitting a written request to the Court and (ii) directed the parties to file a status report every six months beginning February 18, 2016.

On July 3, 2017, the parties jointly stipulated to the dismissal of the consolidated actions. The stipulation read, in pertinent part: "IT IS HEREBY stipulated by and between the [parties] . . . in case 8:15-cv-01042- EAK-AEP, and . . . case 8:15-cv-1181-EAK-AEP . . . that . . . the consolidated cases should be dismissed." The parties filed the stipulation in the BB&T Action. Id. The Court approved the stipulation on December 13, 2017, and directed the closure of the case.

The same day, for administrative purposes, the Court directed the parties to file the stipulation in the instant action. Rather than simply file the stipulation as directed,

however, the parties have been arguing over the effect of the stipulation on the instant action ever since. To the extent the parties remain at odds over the effect of the stipulation, the Court takes this opportunity to alleviate any confusion.

The Eleventh Circuit instructs that

> the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation [of dismissal] . . . is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.

Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012).

Here, the parties' stipulation was clear and unequivocal and included no conditions antecedent to its effectiveness. Thus, the stipulation was self-executing upon filing and divested the Court of jurisdiction over the consolidated actions (i.e., the BB&T action and the instant action). Additionally, both (i) the parties' stipulation and (ii) the Court's order approving the same were silent as to whether the dismissal was with or without prejudice. As a result, by rule the dismissal was without prejudice. See Fed. R. Civ. P. 41(B) ("Unless the . . . stipulation states otherwise, the dismissal is without prejudice.").

Accordingly, this action is **DISMISSED**. The dismissal is without prejudice. The Clerk shall close the case.

**ORDERED** in Chambers, in Tampa, Florida this 13th day of November, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record